Submitted on petition for reconsideration filed January 6,* petition for reconsideration allowed; court's former opinion adhered to as modified; decision of the Court of Appeals and judgment of the circuit court affirmed in part and reversed in part February 3, reconsideration denied February 22, 1994

WESTWOOD HOMEOWNERS
ASSOCIATION, INC.,
*Respondent on Review/
Respondent on Reconsideration,*

*v.*

LANE COUNTY,
*Petitioner on Review/
Petitioner on Reconsideration.*

(CC 16-90-10439; CA A71452; SC S40106)

866 P2d 463

David B. Williams, Assistant County Counsel, Lane County Office of Legal Counsel, Eugene, for petitioner on reconsideration.

No appearance *contra.*

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Unis, and Graber, Justices.

UNIS, J.

---

* *Westwood Homeowners Assn., Inc. v. Lane County*, 318 Or 146, 864 P2d 350 (1993).

**UNIS, J.**

Lane County petitions for reconsideration of this court's decision in *Westwood Homeowners Assn., Inc. v. Lane County*, 318 Or 146, 864 P2d 350 (1993). We allow the petition for reconsideration and adhere to our former opinion as modified.

In the statement of facts, our former opinion states:

"In 1990, the Association filed an action in Lane County Circuit Court to foreclose the Association's lien on the 15 lots for the approximately $18,000 in unpaid assessments that had accumulated between January 1988 and August 1990 after Lane County became record title holder of the 15 lots." *Westwood Homeowners Assn., Inc. v. Lane County, supra*, 318 Or at 150.

As our former opinion points out, Lane County acquired title on May 27, 1988. *Id.* Of the approximately $18,000 in assessments, only a portion was assessed *after* Lane County acquired title. To be precise, $2,117.88 was assessed between January 28 and May 27, 1988 (*i.e.*, before Lane County acquired title), and $16,131.16 was assessed after May 28, 1988 (*i.e.*, after the county acquired title).

We adhere to our holding that the pre-foreclosure assessments were extinguished by the foreclosure, while the post-foreclosure assessments were not extinguished. The judgment of the trial court awarded the Association the entire $18,249.04.[1] Pursuant to our holding, the Association is entitled to a judgment for $16,131.16. The trial court erred in entering a judgment for the entire $18,249.04, and the Court of Appeals erred in affirming that judgment.

The petition for reconsideration is allowed. This court's former opinion is adhered to as modified. The decision of the Court of Appeals and the judgment of the circuit court are affirmed in part and reversed in part.

---

[1] The trial court's judgment specifically recognized and identified the difference between the pre-foreclosure and the post-foreclosure assessments and awarded Westwood the sum of both.